IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CRAYTONIA BADGER,
# 162710                                                                                               PETITIONER

VS.                                                             CIVIL ACTION NO. 5:22-cv-61-DCB-FKB

MOSES JACKSON, ADC
WARDEN, ET AL.                                                                                 RESPONDENT

**REPORT AND RECOMMENDATION**

Before the Court is the petition for habeas corpus relief, filed by Craytonia Badger pursuant to 28 U.S.C. § 2254. *See* [1]. Respondent has filed a Motion to Dismiss [10] pursuant to 28 U.S.C. § 2244(d), to which Badger has not responded. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

I.    FACTS AND PROCEDURAL HISTORY

In his petition, Badger challenges his 2017 conviction on the charge of burglary of a storehouse, in violation of Miss. Code Ann. § 97-17-33. [1] at 1; [11-2] at 73. Following a jury trial in the Circuit Court of Amite County, Mississippi, the trial court sentenced Badger as a habitual offender under Mississippi Code Annotated § 99-19-81 to seven years in the custody of the Mississippi Department of Corrections, to run consecutively to any sentence Badger was already serving.[1] [11-2] at 74-75.

---

[1] According to Respondents and Petitioner, Badger is currently in the custody of the Arkansas Department of Corrections on an unrelated conviction and sentence, and he is housed at the East Arkansas Regional Unit in Marianna, Arkansas. [10] at 1; [1] at 1. The trial court clarified that Badger was entitled to credit for any time spent in jail in Amite County, Mississippi, but no credit for any time served on other sentences outside of the State of Mississippi. [11-2] at 75.

With the aid of counsel, Badger appealed his conviction and sentence, which the Mississippi Court of Appeals affirmed on August 28, 2018. *See Badger v. State*, No. 2017-KA-01141-COA, 269 So. 3d 1197 (Miss. Ct. App. 2018), *reh'g denied*, (Jan. 15, 2019). No petition for a writ of certiorari was filed, and the mandate issued on February 5, 2019. [10-4]; [10-5] at 1. On March 13, 2019, Badger filed a Motion to Consider Writ of Certiorari Out of Time before the Mississippi Supreme Court. [11-7] at 3. The Mississippi Supreme Court denied relief in an Order filed April 18, 2019. *Id.* at 2.

On June 18, 2020, Badger began filing a series of motions seeking post-conviction relief before the Mississippi Supreme Court, culminating in that court's denial of what it construed as Badger's first motion for post-conviction relief on December 17, 2020. *See* [10-11]; *see also* [10-6] to [10-11]. Moreover, in his effort to obtain post-conviction relief, Badger continued to file pleadings throughout 2021 and 2022 before the Mississippi Supreme Court and his trial court, which the Court will not detail. *See* [10-12] to [10-21].

Badger signed his petition for habeas relief on July 12, 2022, [1] at 14, and it appears that his petition was received by an officer on July 21, 2022. [1-2] at 2. Because his petition was received as "legal mail" at his facility on July 21, 2022, the Court will consider that date as the date of filing for purposes of the statute of limitations. *See id.*; *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished)("For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes."); *see also Richard v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). The State responded with its Motion to Dismiss [10], arguing that the

petition is untimely. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

## II.  DISCUSSION

The State asserts that Badger's petition is untimely under 28 U.S.C. § 2244(d). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly-filed motion for post-

conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 199 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

According to the State, Badger's petition is untimely filed. The undersigned agrees. Badger's conviction and sentence became final on January 29, 2019, when time expired for seeking further direct review of his conviction by filing a petition for writ of certiorari before the Mississippi Supreme Court. *See* Miss. R. App. P. 17(b) (providing fourteen days for seeking certiorari review after the Mississippi Court of Appeals denies rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (finding that if the defendant stops the appeal process before reaching the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."). Thus, absent any statutory or equitable tolling, Badger had one year from January 29, 2019, or until January 29, 2020, to timely file his federal habeas petition in this Court.

Badger's untimely Motion to Consider Writ of Certiorari Out of Time, [11-7] at 3-4, which was denied by the Mississippi Supreme Court, *id.* at 2, neither extended the start of nor tolled the federal one-year statute of limitations. *See Butler v. Cain*, 533 F.3d 314, 317-318 (5th Cir. 2008)(finding that a motion seeking further review of a state conviction, filed after the "expiration of the time for seeking" further review, cannot extend the start of the federal statute

4

of limitations); *see also England v. Quarterman*, 242 F. App'x 155, 158 (5th Cir. 2007) (finding that a noncomplying motion for rehearing under state appellate law did not suspend the finality of the state court's judgment for purposes of the AEDPA). And his various state motions for post-conviction relief, filed after the January 29, 2020 expiration of the federal statute of limitations, had no impact on the federal statute of limitations. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition). Thus, Badger's federal habeas petition, received on July 21, 2022 by prison officials, was filed over two years after the expiration of AEDPA's one-year statute of limitations.

Badger's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way).

Accordingly, the undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadline and, therefore, recommends that the petition be dismissed as untimely filed.

III. CONCLUSION

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the Motion to Dismiss [10] be granted and that this case be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  RESPECTFULLY SUBMITTED, this the 12th day of July, 2023.

                /s/ F. Keith Ball        .
                UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).