IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

CRAYTONIA BADGER                                          PETITIONER

                                  CRIMINAL NO. 2017-KA-01141-COA

VS.                           CIVIL ACTION NO. 5:22-CV-61-DCB-FKB

MOSES JACKSON, ADC                                         RESPONDENT
WARDEN, ET AL.

ORDER

THIS MATTER is before the Court on Magistrate Judge Ball's Report and Recommendation ("R&R") [ECF No. 12], concerning Respondent ADC Warden Moses Jackson's ("Respondent") Motion to Dismiss ("Motion") [ECF No. 11] in response to Petitioner Craytonia Badger's ("Petitioner") habeas corpus petition [ECF No. 10]. The R&R was entered on July 12, 2023, and objections to it were due by July 26, 2023. No party has filed an objection, and the time to do so has elapsed.

Judge Ball recommended that the Court grant Respondents' Motion and dismiss this case with prejudice. [ECF No. 12] at 5. Judge Ball justifies his recommendation because Petitioner untimely filed his habeas corpus petition. Id.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposed a one-year statute of limitations for the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1996). Unless an exception applies under 28 U.S.C. § 2244(d)(1)(B)-(D),

1

a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly-filed motion for post-conviction relief is pending in state court. See Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998), cert denied, 199 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649(2010)(internal quotations and citations omitted); see also Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitation period, but only in rare and exceptional circumstances).

    In the instant case, Petitioner signed his petition for habeas relief on July 12, 2022, and it appears that his petition was received by an officer on July 21, 2022. See id.; Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished)("For pleading submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox' rule applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes."); see also Richard v. Thaler, 710 F.3d 573, 576 (5th Cir. 2013).

Petitioner's conviction and sentence became final on January 29, 2019, when time expired for seeking further direct review of his conviction by filing a petition for writ of certiorari before the Mississippi Supreme Court. [ECF No. 12] at 4. See Miss. R. App. P. 17(b)(providing fourteen days for seeking certiorari review after the Mississippi Court of Appeals denies rehearing); see also Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003)(finding that if the defendant stops the appeal process before reaching the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."). Therefore, absent any statutory of equitable tolling, Petitioner had one year from January 29, 2019, or until January 29, 2020, to timely file his federal habeas petition in this Court. [ECF No. 12] at 4. Petitioner's untimely Motion to Consider Writ of Certiorari Out of Time, which was denied by the Mississippi Supreme Court, neither extended the start of nor tolled the federal one-year statute of limitations. Id. See Butler v. Cain, 533 F.3d 314, 317-318 (5th Cir. 2008)(finding that a motion seeking further review of a state conviction, filed after "expiration of the time for seeking" further review, cannot extend the start of the federal statute of limitations); see also England v. Quarterman, 242 F. App'x 155,158 (5th Cir. 2007)(finding that a noncomplying motion for rehearing under state appellate law did not suspend the

finality of the state court's judgment for purposes of the AEDPA). Petitioner's various state motions for post-conviction relief, filed after the 2020 expiration of the federal statute of limitations, had no impact on said statute. [ECF No. 12] at 5. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition). Thus, Petitioner's federal habeas petition, received on July 21, 2022, by prison officials, was filed over two years after the expiration of AEDPA's one-year statute of limitations. Petitioner's habeas petition, furthermore, does not set forth any circumstances which are "so rare and exceptional" as to warrant equitable tolling of the AEDPA statute. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way). In the instant case Petitioner has shown no reason he should be excused from meeting the AEDPA deadline, therefore, the petition must be dismissed as untimely filed.

After conducting a de novo review of the R&R, the Court agrees with Judge Ball's recommendation. Accordingly, the R&R is ADOPTED. Respondents' Motion is GRANTED.

SO ORDERED, this 2nd day of August, 2023.

                                            /s/ David Bramlette
                                            DAVID C. BRAMLETTE
                                            UNITED STATES DISTRICT JUDGE